# IN THE COURT OF APPEALS OF IOWA

No. 21-0960
Filed May 11, 2022

**LORI KELLAR and DALE KELLAR,**
   Plaintiffs-Appellants,

**vs.**

**BROADLAWNS MEDICAL CENTER FOUNDATION,**
   Defendant-Appellee.
_____

   Appeal from the Iowa District Court for Polk County, Jeffrey Farrell, Judge.


   The plaintiffs appeal the district court's ruling granting summary judgment in favor of the defendant on their medical malpractice action. **AFFIRMED.**


   Marc S. Harding of Harding Law Office, Des Moines, for appellants.

   Jeffrey R. Kappelman and Connie L. Diekema of The Finley Law Firm, P.C., Des Moines, for appellee.


   Heard by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**VAITHESWARAN, Presiding Judge.**

Lori and Dale Kellar sued Broadlawns Medical Center Foundation for claims arising from Lori's surgery and treatment. Employees initially extracted a single lymph node that tested positive for cancer. They later extracted and disposed of her remaining lymph nodes. The Kellars alleged "all the lymph nodes were thrown [a]way instead of being tested and preserved." They further alleged Broadlawns' "loss" of Lori's remaining lymph nodes "made it virtually impossible to be certain whether Lori still had cancer or not." They claimed Broadlawns was vicariously liable for the negligent acts of its employees and was liable for "negligent retention and supervision" of its employees or agents and for Dale's loss of consortium.

Broadlawns moved for summary judgment on the ground that the Kellars "failed to submit expert testimony sufficient to support their claim" within the time frame set forth in Iowa Code section 668.11 (2020). The district court granted the motion. The court reasoned:

> As Plaintiffs have failed to provide expert testimony as to the causation between Defendant's alleged failure to retain and test Plaintiff Lori Kellar's other lymph nodes and the damages Plaintiffs suffered due to Plaintiff Lori Kellar's course of treatment, i.e., chemotherapy, there is no genuine issue of material fact that Plaintiffs have failed to establish a prima facie case of medical negligence.

The Kellars appealed.

"A prima facie case of medical negligence requires plaintiff to establish the applicable standard of care, a violation of that standard, and a causal relationship between the violation and the injury." *Susie v. Fam. Health Care of Siouxland, P.L.C.*, 942 N.W.2d 333, 337 (Iowa 2020). "Expert testimony is required to create a jury question on causation when the causal connection 'is not within the

knowledge and experience of an ordinary layperson.'" *Id.* (citation omitted). Experts must be designated within specified time frames set forth in Iowa Code section 668.11(1). *See McGrew v. Otoadese*, 969 N.W.2d 311, 319 (Iowa 2022) (setting forth statutory expert disclosure requirements, including the section 668.11 expert designation requirement). For a plaintiff, designation of "the expert's name, qualifications and the purpose for calling the expert" must be made "within one hundred eighty days of the defendant's answer unless the court for good cause not ex parte extends the time of disclosure." Iowa Code § 668.11(1)(a).

The Kellars designated a registered nurse within the 180-day time frame. He opined that Broadlawns personnel breached the applicable standard of care when they "thr[e]w away" the "biopsied tissue." As the district court noted, the nurse "did not give an opinion on causation." Nor was he competent to do so. In the district court's words, the nurse's "lack of education and training regarding cancer treatment and diagnosis relating to the retention, preservation, and testing of lymph nodes" rendered him unqualified "to testify as to the causation element of medical negligence in this case."

The Kellars do not challenge this aspect of the court's ruling. They argue a causation expert was entirely unnecessary. In their view, the case exemplified "a failure of professionalism" within the understanding of laypeople.

The Kellars alleged more than impropriety in the disposal of "tissue samples that" Broadlawns employees "were supposed [to] and had agreed, to retain." They alleged that Lori "endure[d] a number of unnecessary procedures as a result of the inadequate testing procedures," including "[t]wenty-five sessions of radiation treatments and chemotherapy." That allegation required expert testimony. *See*

*Susie*, 942 N.W.2d at 338 ("The [medical] opinions . . . provide no guidance for the jury on how or if [the plaintiff's] outcome would have been different if antibiotics were administered one day earlier."). As the district court stated, "[T]he intricacies of lymph node preservation in relation to cancer diagnosis and treatment are not within the knowledge and experience of an ordinary layperson." (internal quotation marks omitted). We discern no error in the court's conclusion. *See id.* at 336 (setting forth standard of review).

The Kellars also contend a treating physician "provided the expertise that sufficiently challenges whether any doctor could know with a reasonable degree of medical certainty that Lori had the cancer that required the grueling treatment." The Kellars did not make this argument in the district court. Accordingly, they failed to preserve error. *See Ward v. Unity Healthcare*, No. 20-1516, 2021 WL 5918408, at *4 (Iowa Ct. App. Dec. 15, 2021).[1]

Finally, the Kellars contend they did not need an expert to opine on the harm to them. In their view, "Broadlawns' staff crassly and insensitively *threw away* the only tissue available to evaluate whether or not Lori needed extensive cancer treatment," and "[c]learly, 'a lay fact finder could easily evaluate the [conduct] in light of the surrounding circumstances to determine whether . . . [this] breached the standard of care expected of medical professionals, and determine the harm." (quoting *Oswald v. LeGrand*, 453 N.W.2d 634, 640 (Iowa 1990)). The district court concluded, "The retention of lymph nodes and how it relates to

---

[1] In any event, the treating physician did not provide a causation opinion. *See McGrew*, 969 N.W.2d at 320 (stating opinions of treating physicians formed outside treatment must "be disclosed pursuant to section 668.11").

emotional distress requires expert testimony." Again, we discern no error in the district court's conclusion.

The summary judgment ruling in favor of Broadlawns is affirmed.

**AFFIRMED.**